United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chrisnel Simon, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20565-Civ-Scola |
| | ) |
| Governor Ron DeSantis and others, | ) |
| Defendants. | ) |

**Order Denying Motion to Proceed *In Forma Pauperis*
and Striking Complaint**

Chrisnel Simon filed this lawsuit against various state and county public officials (along with their respective spouses), all in their individual capacities, asserting violations of his rights under the Constitution, based on, as best the Court can discern, an arrest in 2008. (Compl., ECF No. 1.) Simon has also asked to proceed *in forma pauperis*—in other words, without prepaying the filing fee. (Pl.'s Mot., ECF No. 3.) As an initial matter, the Court is unable to discern if Simon satisfies the financial eligibility requirements to proceed without prepaying his fees. Additionally, from his complaint, the Court is unable to ascertain whether Simon has any viable claims based on the applicable statute of limitations. Accordingly, the Court **denies** Simon's motion to proceed *in forma pauperis* (**ECF No. 3**), without prejudice, and **strikes** his complaint (**ECF No. 1**).

1. **Motion to Proceed *In Forma Pauperis***

A federal court may authorize a person to commence a lawsuit without having to prepay court fees, if the person is unable to pay. 28 U.S.C. § 1915(a)(1). The requesting plaintiff must submit an affidavit disclosing his assets and liabilities in support of the assertion that he is not able to pay. (*Id.*) Based on deficiencies in Simon's submission, the Court is unable to discern if he indeed satisfies these financial eligibility requirements.

In what appears to be Simon's application, submitted under penalty of perjury, Simon fails to disclose the necessary financial information, simply arguing that the Court "must let [him] start [his] court case free without fees because [the Florida] Constitution says there will [be] no cost until conviction on final trial." (Pl.'s Mot. at 2.) The Court is aware of and can find no legal authority supporting Simon's position. Accordingly, if Simon intends to move forward with this action, he must either pay the $402 filing fee or file an amended application to proceed *in forma pauperis* that supports his proceeding without prepaying his court fees. To facilitate the Court's review, the Court orders Simon to use the form located at https://www.uscourts.gov/sites/default/files/ao240_0.pdf to complete his application.

### 2. Complaint

In his complaint, Simon's allegations seem to stem from mistreatment he alleges he suffered in 2008, when he was stopped by the "Miami-Dade Police Department." (Compl. ¶ 14, 4.) Simon complains he "was arrested and ordered to pay child support, obtain a Drivers License and a automobile License," "while driving a 2007 Cadillac automobile on State of Florida Street." (Compl. ¶ 14 (reproduced as written in original).) Based on this timeline, it appears that the statute of limitations, within which Simon should have brought his claims, has long since expired. While § 1983, under which Simon appears to have lodged his claims, does not itself provide for a statute of limitations, it has been established that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010) (cleaned up). The applicable statute of limitations in Florida provides for a four-year limitations period from accrual of the cause of action. Fla. Stat. § 95.11(3)(p) (2011); *see also Sneed*, 370 F. App'x at 47 (stating same). Federal case law provides that a cause of action under § 1983 accrues when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Although the allegations set forth in Simon's complaint are difficult to parse, it appears the events upon which his case is based establish that his complaint is clearly time barred. Accordingly, the Court strikes his complaint.

### 3. Conclusion

Based on the allegations set forth in his complaint, it appears Simon's claims are all time barred. Additionally, Simon's motion to proceed in forma pauperis is deficient. Accordingly, the Court **strikes** Simon's complaint (**ECF No. 1**) and **denies** his motion to proceed without prepaying his fees, **without prejudice** (**ECF No. 3**). If Simon believes he can amend his complaint, *in good faith*, to show that the four-year state of limitations does not apply, has not expired, or should be tolled, he must do so **on or before March 6, 2023**. Further, if Simon amends his complaint, by that same date, he must either pay the $402 filing fee or file an amended application to proceed *in forma pauperis* that explains why he cannot afford the fee. Simon must use the form available here: https://www.uscourts.gov/sites/default/files/ao240_0.pdf. If Simon fails to comply with this order or meet these deadlines, the Court will dismiss this case, albeit without prejudice.

In the meantime, in the absence of an operative complaint, the Court directs the Clerk to administratively **close** this case. If Simon submits a viable

complaint and otherwise complies with the above, the case will be reopened.

**Done and ordered** at Miami, Florida, on February 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

**Copy via U.S. mail to**:
Chrisnel Simon
P.O. Box 610782
Miami, FL 33261